Opinion issued May 13, 2004










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01210-CR




SCOTT EDWARD BERRETT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 1
Fort Bend County, Texas
Trial Court Cause No. 95473




O P I N I O N
          A jury convicted appellant, Scott Edward Berrett, of interference with public
duties, and the trial court, in accordance with a plea agreement as to punishment,
sentenced appellant to 180 days’ confinement, probated for one year. We affirm.
BACKGROUND
          On August 15, 2001, Officer Matthew Meek of the Rosenberg Police
Department stopped appellant because appellant was not wearing his seatbelt. Meek
and appellant pulled into the parking lot of Kwik Kar Lube. Meek got out of his
patrol car, and appellant, without being requested to do so, got out of his vehicle and
approached Meek. Appellant told Meek that he had been stopped earlier that day for
an expired inspection sticker. 
          Meek asked to see appellant’s driver’s license and proof of insurance. 
Appellant gave Meek his proof of insurance and a driver’s license with the name
“Elvis Presley” on it. Eventually, appellant gave Meek his correct driver’s license.
          Meek told appellant that he was going to give him a citation for failure to wear
a seatbelt. Appellant became hostile and said that the citation was a “chicken-shit
charge.” Meek realized that appellant’s hostile response “increased the situation,
[made him] step up a notch where [he] was more aware, realizing [appellant] was
becoming hostile, and it could become more potential [sic] hazardous situation.”
          Appellant began to pace back and forth. Meek told appellant to stop pacing. 
Appellant replied that Meek’s order to stop pacing violated his constitutional rights. 
Meek then called for back-up.
          Appellant walked back toward his car; Meek told him not to return to the car,
but appellant continued anyway. Meek and an onlooker both testified that they were
afraid that appellant was going to the car to get a gun. Instead, appellant, a reporter,
retrieved a video camera from his car. Appellant began exclaiming to onlookers at
the Kwik Lube that Meek was abusing him and treating him unjustly. Meek then
called and requested that his supervisor come to the location.
          Meek tried to approach appellant’s car to look at the vehicle registration and
inspection stickers. Appellant moved toward Meek in an aggressive manner. Meek,
fearing for his safety, pushed appellant in the chest. Appellant became more irate and
hostile, but did not stumble back at all. He yelled that Meek had assaulted him. 
Meek testified that he was scared and did not attempt to arrest appellant because he
believed that he would need to use force to handcuff appellant. Instead, Meek
returned to his car to finish writing the citation.
          Officer Meek again approached appellant with the citation and asked appellant
for his telephone number, his address of employment, and his social security number. 
Appellant refused to provide the information, claiming that he did not have to give
it and that it was none of Meek’s business. Meek twice asked appellant to sign the 
citation. He tried to explain that all he wanted appellant to do was sign the citation. 
Appellant refused. Meek testified that, had appellant signed the citation, he would
have been released. Because appellant refused to sign the citation, Meek decided to
arrest appellant.
          Meek told appellant to put his hands on the car. Appellant refused and
continued videotaping the incident. Meek grabbed appellant’s left arm, while
appellant continued to hold the camera in his right hand. Meek placed appellant’s
torso on the car while he attempted to gain control of appellant’s right arm. Appellant
continued to move his right arm in an attempt to continue filming. Meek made at
least 15 requests for appellant to place his right arm behind his back. Appellant
refused and continued attempting to film. In an attempt to subdue appellant, Meek
sprayed him with OC spray. Appellant continued to hold the camera.
          Finally, Officers Pausewang and Stephen arrived to assist Meek in subduing
appellant. Pausewang removed the camera from appellant’s right hand and took
control of appellant’s right arm. The three officers took appellant to the ground and
gained control of him. Both Meek and Pausewang testified that this was appropriate
police protocol. During the process, appellant scraped his knees. EMS arrived at the
scene and decontaminated appellant’s eyes from the use of the OC spray. Appellant
was transported to jail and was arrested for, among other things, the seatbelt violation.
COMMENT ON APPELLANT’S FAILURE TO TESTIFY
          In point of error one, appellant contends that the prosecutor unconstitutionally
commented on appellant’s failure to testify in his own defense. During appellant’s
closing statement, the following exchange took place:
[Appellant]: I–I couldn’t believe what was going on. At that point he
was a mugger. I’m not going to sign anything from a mugger, somebody
who has assaulted me, not once, not twice, but three times; and the third
time–you’ve seen the pictures. You’ve seen what I’ve gone through. 
That’s in evidence.
 
[Prosecutor]: Your Honor, my objection is that the defendant waived his
right to testify. This is not a proper time for him to testify.
 
[The court]: Overrule–
 
[Appellant]: I’m just reviewing the evidence for the jury. I’m sorry?
 
[The court]: Overrule the objection. You may proceed.
 
[Appellant]: Thank you.
          Appellant did not object at trial to the prosecutor’s statement. As such, nothing
is preserved for our review. See Johnson v. State, 629 S.W. 2d 953, 954 (Tex. Crim.
App. 1982) (holding that failure to object to prosecutor’s comment on defendant’s
failure to testify preserved nothing for appellate review).
          We overrule point of error one.
LEGAL AND FACTUAL SUFFICIENCY
          Appellant was charged with violating section 38.15 of the Texas Penal Code,
which provides:
(a) A person commits an offense if the person with criminal
negligence interrupts, disrupts, impedes, or otherwise interferes
with:
 
(1) a peace officer while the peace officer is performing a duty
or exercising authority imposed or granted by law;

          . . . 
 
(d) It is a defense to prosecution under this section that the
interruption, disruption, impediment, or interference alleged
consisted of speech only.

Tex. Pen. Code Ann. § 38.15(a)(1),(d) (Vernon 2002).
          Appellant contends that the evidence is legally and factually insufficient to
show that he violated the above-referenced statute. In evaluating the legal
sufficiency of the evidence, we must view the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000). Although our analysis considers all evidence presented at
trial, we may not re-weigh the evidence and substitute our judgment for that of the
jury. Johnson v. State, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998); Wilson v. State,
863 S.W.2d 59, 65 (Tex. Crim. App. 1993). Under the factual sufficiency standard,
we ask “whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.” King v. State, 29 S.W.3d 556, 563 (Tex.
Crim. App. 2000)
          Appellant contends that his refusal to place his right hand behind his back was
not a voluntary act, but was, instead, an omission to act for which he could not be
held criminally liable absent a showing that he had a duty to comply.


 He also seems
to argue that his actions were “mere speech,” which is a defense to the charge. We
disagree. 
          Appellant voluntarily kept filming and moving his arm out of Meek’s reach in
an effort to prevent Meet from placing him in handcuffs. On more than 15 occasions,
Meek told appellant to put his right arm behind his back, but each time, appellant
moved his arm out of Meek’s reach and continued to film the encounter in a manner
that precluded his arrest. We conclude that such conduct, in these circumstances,
constituted voluntary action, not a mere omission to act. As a result, the State did not
have to prove that appellant had a duty to submit to the arrest. Furthermore,
appellant’s actions in repeatedly pulling away from the officer and filming the
encounter in such a way as to interfere with the arrest were more than “mere speech.”
          In Key v. State, 88 S.W.3d 672, 676-77 (Tex. App.—Tyler 2002, pet. ref’d), 
the defendant, similarly, was charged with interference with public duties. Id. In that
case, the investigating officers told Key six times to remain on the sidewalk while
they talked to others at the scene. Id. On each occasion, Key stepped off the
sidewalk and approached the two people the police were questioning. Id. The court
of appeals held that this behavior was more than mere speech and was legally and
factually sufficient to support a conviction for interfering with the public duties of the
officers. Id.
          We hold that appellant’s actions in interfering with Meek’s attempts to arrest
him were legally and factually sufficient to show that appellant interfered with
Meek’s public duties.
          Appellant also argues that Meek was not under a duty to arrest him, and that
Meek could have, instead, allowed him to leave the scene even though appellant
refused to sign the citation. Appellant’s is without merit.
          A person interferes with public duties “if the person . . . interferes with a peace
officer while the peace officer is performing a duty or exercising authority imposed
or granted by law.” Tex. Pen. Code Ann. § 38.15(a)(1). Even if Meek was not
obligated to take appellant into custody, he was acting within his discretionary
authority to do so when he arrested appellant for not wearing a seatbelt. It is a
violation of the Transportation Code to drive while not wearing a seatbelt. Tex.
Transp. Code Ann. § 545.413 (Vernon 1999). The Transportation Code further
provides that “any peace officer may arrest without warrant a person found
committing a violation of this subtitle.” Tex. Transp. Code Ann. § 543.001 (Vernon
1999); see also Atwater v. City of Lago Vista, 121 S. Ct. 1536, 1557 (2001) (holding
that Fourth Amendment not violated when officer makes custodial arrest for driving
without a seatbelt). It is uncontested that appellant was not wearing his seatbelt when
Meek pulled him over. The evidence is legally and factually sufficient to show that
Officer Meek exercised authority the law grants to him when he placed appellant
under arrest for failing to wear his seatbelt.
          Accordingly, we overrule point of error two.



JURY INSTRUCTION
          In point of error three, appellant contends that the trial court erred by refusing
to instruct the jury on whether he could have been released, rather than arrested, for
a Class C misdemeanor. During the State’s questioning of Meek, the following
exchange took place:
[Prosecutor]: So if [appellant] would have just agreed to sign the ticket,
he would have been on his merry way; is that correct?
 
[Meek]: Yes, ma’am.
 
[Prosecutor]: Is there any way to secure court attendance, any other way
other than taking that person into custody–
 
[Meek]: No, ma’am.
 
[Prosecutor]: – when they won’t sign the ticket?
 
[Meek]: No, ma’am.

          Later, outside the presence of the jury, the trial court remarked, “I am not
comfortable even where the officer is saying to the jury that the only way they can get
him in the court is either if you sign the ticket or arrest him, because that’s just not
– I just know it’s not true.” The trial court then, sua sponte, instructed the jury as
follows:
Texas law provides that to secure release a person arrested must make
a written promise to appear in court by signing the written notice to
appear by the arresting officer. The officer shall then promptly release
the person from custody.
 
Texas law further provides that a peace officer who is charging a person
with committing an offense that is a Class “C” misdemeanor may,
instead of taking the defendant before a magistrate, issue a citation to
the person that contains written notice at the time and place the
defendant must appear before a magistrate, the name and address of the
person charged, and the offense charged.
 
Texas law further provides that a defendant may be released without
signing a written promise to appear. When a defendant is so released
by the arresting officer and fails to appear before a magistrate at the time
and place stated in the citation, the magistrate may cause to issue a
summons commanding the defendant to appear in court at a time and
place stated in the summons; or the magistrate may cause to issue a
capias that commands any peace officer of this state to arrest the
defendant to bring him before the Court immediately or on a day or at
a term stated in the capias. 

(Emphasis added).

          At the charge conference, appellant requested that the above-referenced
instruction, which the trial court gave verbally, be included in the charge. The trial
court refused. Appellant contends that, by failing to also include the instruction in
the charge, the trial court reversibly erred. We disagree. 
          When an appellant’s requested charge is not a correct statement of the law, the
trial court does not err in refusing to submit the charge. See DeJesus v. State, 889
S.W.2d 373, 379 (Tex. App.—Houston [14th Dist.] 1994, no pet.); Showery v. State,
678 S.W.2d 103, 109 (Tex. App.—El Paso 1984, pet. ref’d). In this case, the
requested instruction is not a correct statement of the law.
          The Texas Code of Criminal Procedure provides:
A peace officer who is charging a person, including a child, with
committing an offense that is a Class C misdemeanor, other than an
offense under Section 49.02, Penal Code, may, instead of taking the
person before a magistrate, issue a citation to the person that contains
written notice of the time and place the person must appear before a
magistrate, the name and address of the person charged, and the offense
charged.

Tex. Code Crim. Proc. Ann. art. 14.06(b) (Vernon Supp. 2004).

          Similarly, the Texas Transportation Code provides:
 
An officer who arrests a person for a violation of this subtitle punishable
as a misdemeanor and who does not take the person before a magistrate
shall issue in duplicate a written notice to appear in court showing the
time and place the person is to appear, the offense charged, the name
and address of the person charged, and, if applicable, the license number
of the person’s vehicle.

Tex. Transp. Code Ann. § 543.003 (Vernon 1999).

          Under both of these statutes, a peace officer, in lieu of a custodial arrest (which
requires promptly taking the arrestee before a magistrate), may issue a citation or
notice to appear before a magistrate to a defendant who commits a Class C
misdemeanor.


 The Code of Criminal Procedure is silent as to whether a citation 
requires an alleged offender’s promise to appear. The Transportation Code, however, 
has an additional section, which further provides:
To secure release [after receiving a written notice to appear or
citation],the person arrested must make a written promise to appear in
court by signing in duplicate the written notice prepared by the arresting
officer. The arresting officer shall retain the original of the notice and
deliver the copy of the notice to the person arrested. The officer shall
then promptly release the person from custody.

Tex. Transp. Code Ann. § 543.005 (Vernon 1999).

          The trial court apparently believed that the above-referenced provisions were
in conflict because the Code of Criminal Procedure does not contain a requirement
that a defendant sign a written promise to appear before being released after receiving
a citation, while the Transportation Code does. We perceive no such conflict.
          The Code Construction Act mandates that we should attempt to harmonize any
apparent conflict between two provisions so that both provisions are given effect. See
Tex. Gov’t Code Ann. § 311.026(a) (Vernon 1998); see also Cheney v. State, 755
S.W.2d 123, 126 (Tex. Crim. App. 1988) (“effect will be given to all the provisions
of each act if they can be made to stand together and have concurrent efficacy”). 
          We believe that the statutes can be harmonized so as to give effect to all. 
Under both 14.06(b) of the Code of Criminal Procedure and 543.003 of the
Transportation Code, a peace officer may issue a notice to appear before a magistrate
to a defendant charged with a Class C misdemeanor, rather than taking the arrestee
promptly before a magistrate. Article 543.005 of the Transportation Code does not
conflict with these provisions; rather it provides an additional requirement in the
context of arrests made pursuant to a violation of the Transportation Code. 
Specifically, before an officer may issue a citation and release a defendant charged
with violating the Transportation Code, the defendant must also sign a promise to
appear before a magistrate. Only then does the officer have a duty to release the
defendant from custody. If the defendant does not promise to appear, the officer is
under no duty to release him. Instead, the officer could choose to take the defendant
immediately before a magistrate. See Tex. Transp. Code Ann. § 543.002 (Vernon
1999). To secure a release for a violation of the Transportation Code, the defendant
must sign a promise to appear. See Tex. Transp. Code Ann. § 543.005. Once he
does so, “the officer shall then promptly release the person from custody.” Id.
          Appellant, in this case, was charged with a Class C misdemeanor—failing to
wear a seatbelt—pursuant to section 545.413 of the Transportation Code. Therefore,
the proposed charge, which stated that appellant was not required to sign a promise
to appear in order to obtain his release after receiving such a citation, was an incorrect
statement of the law. As such, the trial court did not err by refusing to place the
requested instruction in the charge.
          We overrule point of error three.
          We affirm the judgment.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Publish. Tex. R. App. P. 47(2)(b).